UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81310-CIV-MARRA/MATTHEWMAN

CR TECHNOLOGIES, INC., a Florida
corporation,

Plaintiff,

vs.

TWIN CITY FIRE INSURANCE COMPANY,
a foreign company et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff CR Technologies, Inc.'s Motion for Remand (DE 4). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Plaintiff CR Technologies, Inc. ("CR") filed its complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida against Defendants Twin City Fire Insurance Company ("Twin City"), the Hartford Fire Insurance Company ("Hartford Fire") and Hartford Casualty Insurance Company ("Hartford Casualty") (collectively, "Defendants"). The state court complaint alleges breach of contract against each insurer based their alleged failure to provide insurance coverage stemming from a lawsuit brought by CR for breach of contract and theft against various entities, including US Datanet Corporation, USD CLEC, Inc. and several individuals, including an individual named Frank Caruso. (Compl, Ex. A, DE 1-2.) In the underlying lawsuit, the jury returned a verdict against US Datanet Corporation and USD CLEC,

Inc. for $141,551.20.[1] (Compl. ¶ 18.)

On December 19, 2013, Defendants filed their Notice of Removal on the basis of diversity of citizenship jurisdiction.[2] (Notice of Removal, DE 1.) Defendants are Connecticut companies with their principal place of business in Connecticut. (Compl. ¶ 3, 6, 9.) CR is a Florida company with its principal place of business in Florida. (Compl. ¶ 2.)

In moving for remand, CR contends that one of the insureds, Caruso, is a citizen of the State of Florida. CR argues that because the insured is not a party to this action, and since Caruso is an insured who is a citizen of the state of Florida, Defendants are deemed citizens of the state of Florida. Defendants respond that Caruso is not a party, there is no judgment or claim against him, and CR released Caruso from liability and dismissed all claims against him with prejudice. Thus, Caruso's citizenship is irrelevant to determining diversity.

In moving for remand, CR relies upon 28 U.S.C. § 1332(c)(1)(A) which provides:

For the purposes of this section and section 1441 of this title–

(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any *direct action* against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of–

(A) every State and foreign state of which the insured is a citizen;

---

[1] CR had filed a notice of voluntary dismissal with prejudice of Caruso in the state court action. (Notice of Voluntary Dismissal, DE 7-1.) CR does not challenge the authenticity of this document and the Court can take judicial notice of documents filed in another court. United States v. Jones, 29 F.3d 1549, 1553 (11th Cir.1994).

[2] Prior to that, on October 3, 2013, Twin City filed a declaratory action in this Court. (Case no. 13-cv-80998.) On November 17, 2013, CR filed the instant action in state court.

28 U.S.C. § 1332(c)(1)(A) (emphasis added).

Federal courts have jurisdiction over controversies between citizens of different states. See Navarro Savings Assoc. v. Lee, 446 U.S. 458, 460 (1980). The citizens that are considered in determining if a court has diversity jurisdiction are only those who are "real and substantial parties to the controversy." Id. at 460 (citations omitted). As such, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Id. at 461 (citations omitted). A defendant's status as a nominal party depends on the facts of each case. Seraphin v. Parapella, 489 F. Supp. 2d 1354, 1355 (S.D. Fla. 2007) (citing Tri-Cities Newspapers, Inc., v. Tri-Cities Printing & Assistants Local, 427 F.2d 325, 327 (5th Cir.1970)).[3] "The ultimate test of whether the defendants are indispensable parties is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." Tri-Cities, 427 F.2d at 327 (ellipses omitted).

The instant case concerns coverage for a judgment CR received against Datanet and USD CLEC. Notably, Caruso is not named in the underlying judgment. In fact, the uncontested record evidence shows that CR released him from any liability and dismissed all claims against him with prejudice. Thus, Caruso is a nominal party and his citizenship is irrelevant for the purpose of determining diversity jurisdiction.

Nor is the Court persuaded by CR's argument that this is a "direct action" under 28 U.S.C.

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

§ 1332(c)(1)(A). The "direct action" language in 28 U.S.C. § 1332(c)(1) was enacted to "eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse." Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir.1985). Unless the "action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Id. "[C]ourts have uniformly defined the term 'direct action' as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Id.

Notably, courts have held that a complaint alleging breach of an insurance contract is not a direct action and have denied motions to remand on that basis. See, e.g., Kenyon v. Fidelity & Guar. Life Ins. Co., No. 6:12–cv–951–Orl–36GJK, 2012 WL 4478983, at * 2 (M.D. Fla. Sept. 11, 2012) ("In this case, Plaintiff alleges that Defendant breached the parties' contract by failing to pay life insurance benefits. Thus, Plaintiff's action is not 'of such a nature that the liability sought to be imposed could be imposed against the insured.'"); Biggin v. RLI Ins. Co., No. 6:06–CV104–ORL19KRS, 2006 WL 462669, at * 3 (M.D. Fla. Feb.27, 2006) (denying motion for remand because complaint seeking declaration of rights and damages for breach of insurance contract was not a direct action); Salcedo v. Charter Oak Fire Ins. Co., No. 6:11–cv–738–Orl–28 DAB, 2011 WL 2649969, at * 5 (M.D. Fla. June 14, 2011) (recommending motion for remand be denied where complaint alleged a breach of insurance contract and, therefore, was not a direct action).

Based on this discussion, the Court finds this breach of contract case is not a "direct action." This is not a situation where CR is bringing a liability suit for Caruso's actions directly against the insurers; i.e., Defendants. Even assuming arguendo this was a "direct action," it would have to be a direct action for liability against Datanet or USD CLEC, and not Caruso because Caruso was dismissed from the underlying action.[4]

Accordingly, for the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff CR's Motion for Remand (DE 4) is **DENIED**. The Court believes judicial efficiency would be served by consolidating this case with case number 13-80998-CIV-MARRA. Parties may file an objection to consolidation **within 14 days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of April, 2014.

_____
KENNETH A. MARRA
United States District Judge

---

[4] For this reason, the Court finds unpersuasive CR's reliance on a submission by Defendants in a bankruptcy action in which CR claims that Defendants admitted that Caruso is an insured under the insurance policies at issue here. (Reply at 2.) Even assuming he is an insured, he was dismissed from the underlying state court action.